RECEIVED
IN MONROE, LA

NOV 0 6 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. ACTION NO. 06-30031-01/02 |
| VERSUS | JUDGE ROBERT G. JAMES |
| SAMUEL H. THOMAS & LOUIS R. BRADLEY | MAG. JUDGE KAREN L. HAYES |

## RULING

This is a tax fraud case brought by the United States of America ("the Government") against Defendants Samuel H. Thomas ("Thomas") and Louis R. Bradley ("Bradley"). Pending before the Court is a Motion in Limine [Doc. No. 46] filed by the Government in response to evidence and/or testimony the Government expects Bradley to offer in this matter. The Government moves the Court to exclude from evidence any testimony or documentation related to "the inception of the investigation which resulted in the pending indictment." Specifically, the Government moves to exclude the statements of Thomas' former assistant, Matra Hamilton ("Hamilton") (now deceased); witness testimony of District Attorney Buddy Caldwell; and a letter written by Bradley. The Government contends that Hamilton's statements are irrelevant hearsay and not otherwise admissible. The Government also contends that the Bradley letter is inadmissible hearsay. Finally, the Government contends that Caldwell's testimony is irrelevant.

The Government also moves to exclude the testimony of Bradley's expert on the IRS "DIF" program, which allegedly should have identified the 1999 individual tax return for Defendant Samuel

H. Thomas. DIF is an acronym for "discriminate information function" number and is a score assigned to each filed tax return.

Bradley has filed a memorandum in opposition [Doc. No. 47] to the Motion in Limine.

### A. Charges Against Bradley

Bradley is charged in three counts of the Indictment. In Count 1, he is charged with conspiracy "to defraud the United States by impeding, impairing, obstructing and defeating the lawful government functions of the [IRS] in the ascertainment, computation, assessment and collection of revenue" based on his preparation of Thomas' 1999 personal and corporate tax returns. In Counts 4 and 5, Bradley is charged with willfully aiding and assisting in, procuring, advising, and counseling in the preparation and presentation to the IRS of Thomas' corporate and personal tax returns, respectively.

Therefore, the Court's concern in this matter is whether the evidence Bradley seeks to admit is relevant to these charges and is also otherwise admissible under the Federal Rules of Evidence. See Fed. R. Evid. 401("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination the action more probable or less probable than it would be without the evidence.").

### B. Bradley's Letters to the IRS

In his memorandum, Bradley agrees with the Government that Exhibits 751, 753, and 754 are self-serving hearsay letters written by Bradley to the IRS. Bradley has withdrawn these exhibits. Therefore, the Motion in Limine as to these documents is GRANTED, and Bradley will withdraw these exhibits.

2

### C. Testimony/Evidence of DIF Scoring

The Government has moved to exclude any testimony or evidence relating to the IRS's DIF program scoring. As the Court understands the program, certain variables will cause a tax payer to have a high "DIF" score. A high "DIF" score, in turn, makes it more likely that a tax payer will be audited. The Government contends that any evidence or testimony about the DIF program and/or scoring is irrelevant and serves to place blame on the victim of the alleged crimes in this case.

The Court agrees with the Government's analysis in this regard and its Motion in Limine is GRANTED IN PART. See United States v. Kreimer, 609 F.2d 126, 132 (5th Cir. 1980) (citations omitted) ("The victim's negligence is not a defense to criminal conduct.").

However, Bradley seeks to offer testimony of his expert, a C.P.A. and former IRS employee, about accounting practices regarding DIF scores. As the Court understands his argument, Bradley intends to offer this testimony to show only that accountants generally seek to avoid placing their clients in the position to have a high DIF score because it would more likely result in an audit. Further, Bradley has also indicated that he wishes to show that a high DIF score does not mean, automatically, that a taxpayer was engaged in fraudulent conduct. To this extent, the Court finds that the testimony is at least marginally relevant to Bradley's defense to the charges against him, all of which require a showing of intent. The Government's Motion in Limine is DENIED on this limited basis.

### D. Statements of Matra Hamilton

Hamilton was arrested for driving while intoxicated and afterward provided information leading to the Indictment in this case to the District Attorney Buddy Caldwell ("Caldwell"). Caldwell provided that information to the FBI and the IRS. The Government contends that

3

Hamilton's statements are irrelevant to Bradley's defense, that the statements are clearly hearsay, and that there are no exceptions to the hearsay rule permitting their admission. The Government further contends that Hamilton's DWI and motives are irrelevant since she will not be a Government witness.

Bradley contends that Hamilton's statements are relevant to his defense because they support his contention that he was not given all Thomas' records to prepare his taxes. He argues that the statements, though hearsay, are admissible under Federal Rule of Evidence 804(b)(3) because Hamilton is no longer available to testify and the statements were against her interest at the time made and are otherwise admissible under the residual exception to the hearsay rule.

The Court finds, at this point, that Hamilton's statements do not appear to be relevant and thus are inadmissible. Hamilton will not testify, and the Government has assured the Court that its case is not based on her statements. Further, Bradley is not prevented from arguing that he prepared Thomas' personal and corporate tax returns based upon the documents given to him.

However, the Court will reserve final ruling on the admission of Hamilton's statements until it can be determined whether a foundation for the admission of the statements has been made.

### E. Testimony of Buddy Caldwell

From the Court's review of the memoranda and after conference with counsel, it appears that Bradley intends to offer Caldwell's testimony to show only how the investigation commenced and the fact that Hamilton was given immunity from prosecution for a felony-offense driving while intoxicated because of her cooperation in this investigation. The Court finds that both Hamilton's motives for coming forward and the consideration given to her by Caldwell for her information are

irrelevant to Bradley's guilt or innocence to this case. See United States v. LaRouche, 896 F.2d 815 (4th Cir. 1990); United States v. Burge, 990 F.2d 244 (6th Cir. 1992).

Accordingly, the Government's Motion in Limine is GRANTED IN PART, and Bradley will not be permitted to call Caldwell as a witness.

MONROE, LOUISIANA, this 6th day of November, 2007.

ROBERT G. JAMES
UNITED STATES DISTRICT COURT