RECEIVED
IN MONROE, LA
NOV 1 4 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. ACTION NO. 06-30031-01/02 |
| VERSUS | JUDGE ROBERT G. JAMES |
| SAMUEL H. THOMAS & LOUIS R. BRADLEY | MAG. JUDGE KAREN L. HAYES |

**PARTIAL RULING ON DEFENDANT SAMUEL H. THOMAS'S RULE 29 MOTION**

Following the close of the United States of America's ("the Government's") case, Defendant Samuel H. Thomas ("Thomas") and Defendant Louis R. Bradley made oral motions for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. The Government responded to both motions, and the Court took the motions under advisement.

Having considered the arguments of counsel, the Court finds that it must address one part of Thomas's Rule 29 motion prior to submission of the case to the jury. In Count 6 of the August 24, 2006 Indictment, Thomas is charged as follows:

> Beginning on or about the 23rd day of November, 1997, and continuing until on or about the 27th day of April, 2006, in the Western District of Louisiana and elsewhere, Samuel H. Thomas, did willfully attempt to evade and defeat a large part of the income tax due and owing by him to the United States of America by taking affirmative acts of evasion, including
>
> • a November 23, 1997 letter addressed to an IRS employee which misrepresented his financial condition,
>
> • a Form 656, Offer in Compromise, dated January 6, 1998,
>
> • Forms 656, Offer in Compromise, dated September 10, 1998, one for the corporation and one for THOMAS and his spouse,

- a Form 433-A, Collection Information Statement for Individuals, dated April 8, 1998 and updated September 23, 1998 which misrepresented his financial condition and anticipated future income,

- a Form 433-B, Collection Information Statement for Businesses dated November 25, 1997 and updated December 23, 1998 which misrepresented the corporation's financial condition and anticipated future income,

- a December 2, 2002 letter to an IRS employee which misrepresented his role and knowledge in *Wiley v. Traditional Trucking, etal* [sic], misrepresented his knowledge at the time of his interview by an IRS employee and misrepresented his wife's role in the corporation,

- an April 27, 2006 meeting with an IRS employee where THOMAS misrepresented his role and knowledge in *Wiley v. Traditional Trucking, etal* [sic].

for the purpose of evading payment of taxes due and owing to the United States of America in excess of $70,000, all in violation of Title 26, United States Code, Section 7201.

[Doc. No. 1, p. 6].

Pursuant to 26 U.S.C. § 7201, the crime of tax evasion has three essential elements: (1) the existence of a tax deficiency; (2) willfulness; and (3) an affirmative act constituting evasion or attempted evasion of the tax. United States v. Bishop, 264 F.3d 535, 545 (5th Cir. 2001). The statute of limitations for tax evasion is six years. 26 U.S.C. § 6531 ("No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense, **except that the period of limitation shall be 6 years . . .**(2) for the offense of willfully attempting in any manner to evade or defeat any tax or the payment thereof[.]") (emphasis added).

Thomas argues that the last alleged act within the six years, the December 2002 letter, did not contain any false or misleading statements and thus could not have interrupted the statute of

2

limitations. Alternatively, he argues that, if the Court finds that the statements could be viewed as false or misleading, then it is a question of fact for the jury. He contends that there should then be a jury instruction on the statute of limitations and acts which may interrupt the statute of limitations.

The Government responds that case law is clear that lies to IRS employees are continuing acts of evasion. The Government contends that, by misrepresenting his role in the Wiley case in his December 2, 2002 letter and subsequent 2006 interview, Thomas interrupted the statute of limitations and continued his acts of evasion.

In a 2005 case, the Eastern District of Louisiana observed as follows:

> While the Fifth Circuit has not directly addressed this issue,[1] a number of circuit courts have held that it is the date of the latest act of evasion, not the due date of the taxes that triggers the statute of limitations. This peg is considered proper in a tax evasion offense because § 7201 criminalizes not just the failure to file a return or the filing of a false return, but the willful attempt to evade taxes *in any manner*.

United States v. Loeb, 2005 WL 357184 at *5 (E.D. La., Feb. 14, 2005) (citing United States v. Anderson, 319 F.3d 1218, 1220 (10th Cir. 2003)) (other citations omitted). The Loeb Court's finding is consistent with all circuit courts which have addressed this issue. See, e.g., Anderson, 319 F.3d at 1218-19 ("We join our sister circuits in holding that in tax evasion cases where, as here, the defendant commits acts of evasion after incurring a tax liability, the statute of limitations begins to run on the date of the last affirmative act of evasion"; Anderson collected decisions in the Fourth, Seventh, Ninth, and Eleventh Circuits). The Court agrees with those courts that have found that an

---

[1] See United States v. Williams, 928 F.3d 145, (5th Cir. 1991) (A tax evasion indictment was timely filed within six years of the date his tax return was due; however, the court did not "consider whether Williams' subsequent false statements to the revenue agent constituted affirmative acts; no mention of such statements was contained in the indictment.").

3

indictment is timely as long as there is one act of evasion within the six-year period prior to the date of the indictment.

The Court further finds that the evidence is sufficient to submit the tax evasion count to the jury. If the Government's evidence is believed, the jury may find that Thomas willfully and knowingly made a false statement to the IRS in his December 2, 2002 letter and his 2006 interview, both of which are within six years of the filing of the Indictment. For these reasons, Thomas' Rule 29 Motion is DENIED IN PART. The Court reserves ruling on the remainder of Thomas' Rule 29 Motion.

However, the Court agrees with Thomas that this is a factual issue for the jury to determine. To ensure that the jury is adequately informed of the issues before it, the Court finds that an instruction to the jury should be given about the statute of limitations.

MONROE, LOUISIANA, this __14__ day of __November__, 2007.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

4